Shane R. Swindle (#011738)
Barry G. Stratford (#029923)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
SSwindle@perkinscoie.com
BStratford@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Epicenter Loss Recovery, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> Burford Capital Ltd., and Ganymede Investments Ltd., <br><br> Defendants. | No. _____ <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> *[Removal from the Superior Court of the State of Arizona, County of Maricopa, Case No. CV2018-007464]* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Please take notice that, pursuant to 9 U.S.C. §§ 203 and 205, 28 U.S.C. §§ 1332, 1441, and 1446, and LRCiv 3.6, Defendants Ganymede Investments Limited ("Ganymede") and Burford Capital Limited ("BCL") (collectively, "Defendants") hereby remove this case, originally filed as CV2018-007464 in the Superior Court of the State of Arizona, County of Maricopa, to the United States District Court for the District of Arizona, Phoenix Division. As set forth below, removal is proper pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 9 U.S.C. § 203 of this civil action related to an international arbitration agreement and diversity jurisdiction under 28 U.S.C. § 1332.

## I. TIMELINESS OF REMOVAL

1. On May 11, 2018, Epicenter Partners, LLC ("Epicenter") and Gray Meyer Fannin, LLC ("Gray"), by and through R.O.I. Properties, LLC, as Liquidating Trustee of the May Liquidating Trust ("Trustee"), commenced an action in the Superior Court of the State of Arizona in and for the County of Maricopa as case number CV2018-007464. On May 15, 2018, the Trustee, on behalf of Epicenter and Gray, filed its First Amended Complaint ("FAC"), entitled R.O.I. Properties, Inc. v. Burford Capital Ltd., et al. On September 18, 2018, plaintiffs filed a Second Amended Complaint ("SAC") which substituted Epicenter Loss Recovery, LLC ("ELR") as the only plaintiff in this litigation. ELR alleges that it is the assignee of an assignment of the claims held by Epicenter and Gray. The SAC asserts three causes of action: (1) declaratory judgment; (2) breach of the duty of good faith and fair dealing; and (3) tortious interference with prospective business expectancy. Pursuant to 28 U.S.C. § 1446(a) and LRCiv 3.6, true and correct copies of the state court record are attached as Exhibit A to the Declaration of Barry G. Stratford ("Stratford Decl."), which is Attachment 1 to the Notice of Removal.

2. Removal is timely under 9 U.S.C. § 205 because no substantive proceedings have taken place before the Superior Court and 9 U.S.C. § 205 provides that "the defendant or the defendants may [remove], at any time before the trial" of the matter in the Superior Court.

3. Defendant Burford Capital Limited ("BCL") was served on October 4, 2018. Defendant Ganymede Investments Limited ("Ganymede") has not been served.[1] This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after completion of service. This Notice of Removal is also timely under 28 U.S.C. § 1446(b) as it is being filed within one (1) year of the commencement of the underlying state action.

---

[1] Plaintiff initiated service by publication for Ganymede on September 24, 2018. Ganymede was dissolved in 2016, but was reinstated on the Guernsey Registry of Companies in response to this lawsuit and is subject to service under the Hague Convention. Plaintiff has not effectuated service on Ganymede in conformance with the Hague Convention.

## II. GROUNDS FOR REMOVAL

4. Removal is appropriate under 9 U.S.C. § 205 because the subject matter of this proceeding "relates to an arbitration agreement or award falling under" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

### A. Removal Pursuant to The Convention, 9 U.S.C. § 203.

5. Removal is appropriate because this action relates to an arbitration agreement falling under the Convention. *See* 9 U.S.C. § 205. The Convention governs the recognition and enforcement of foreign arbitration agreements and arbitral awards. *See* Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 as implemented by 9 U.S.C. § 201 *et seq.*; *see also Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009).

6. Section 203 of the Convention explicitly grants this Court original subject matter jurisdiction over any "proceeding falling under the Convention," regardless of the amount in controversy. 9 U.S.C. § 203. As to removal, Section 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205; *see also Infuturia Glob. Ltd. v. Sequus Pharm., Inc.*, No. C 08-4871 SBA, 2009 WL 440477, at *4 (N.D. Cal. Feb. 23, 2009) (describing Section 205 as "one of the broadest removal provisions . . . in the statute books") (citation and internal quotation marks omitted), *aff'd*, 414 F. App'x 61 (9th Cir. 2011).

7. To remove under Section 205, a defendant must show (1) an arbitration agreement exists that falls under the Convention, and (2) the dispute set forth in the complaint "relates to" the arbitration agreement. *Id*. For the purposes of removal, the Court conducts only a "very limited inquiry," keeping "the jurisdictional and merits inquiries separate. . . . Absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Beiser v. Weyler*, 284 F.3d 665, 671–72 and n.7 (5th Cir. 2002).

### 1. The Arbitration Agreements Fall Under the Convention.

8. Ganymede provided litigation financing to Epicenter and Gray beginning with a 2009 Forward Purchase Agreement ("FPA") and continuing through an amended and supplemental FPA in 2013. [*See* Declaration of Mark Woodall ("Woodall Decl.") Ex. A (2009 FPA), Ex. B (2010 FPA); Ex. C (2011 FPA); Ex. D (2013 FPA)] The 2013 amendment to the FPA was executed contemporaneously with an Intercreditor Agreement, executed by Ganymede, Epicenter, and Gray, and a Promisory Note from Epicenter and Gray payable to Ganymede or any successor or assignee. [Woodall Decl. Ex. E (IA); Ex. F (Note)] The FPAs and Intercreditor Agreement include substantively identical arbitration provisions. The 2009, 2010, and 2011 FPAs provided that:

- "Any dispute, controversy or claim arising out of or in connection with this Agreement . . . shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration under the Arbitration Rules of the LCIA"; and
- "The seat, or legal place, of arbitration shall be London, England, and all proceedings shall occur there."

The 2013 FPA and the Intercreditor Agreement provided that:

- "Any dispute, controversy or claim arising out of or in connection with this Agreement shall (to the exclusion of any other forum) be referred to and finally resolved by arbitration under the Arbitration Rules of The London Court of International Arbitration ("LCIA")"; and

-4-

- "The seat, or legal place, of arbitration shall be London, England, and all proceedings shall occur there."

[Woodall Decl., Ex. A (2009 FPA) § 21; Ex. B (2010 FPA) § 21; Ex. C (2011 FPA) § 21; Ex. D (2013 FPA) § 9.7; Ex. E (IA) § 17]

9. Epicenter, Gray, and Ganymede expressly agreed that their "agreement[s] to arbitrate, and any resulting award, falls under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and section 202, and Chapter 2, of the Federal Arbitration Act, and agrees that this Agreement has a reasonable relation to a foreign state." [Woodall Decl., Ex. D (2013 FPA) § 9.7; Ex. E (IA) § 17]

10. The Note was issued "pursuant to" the 2013 FPA and "subject to" the Intercreditor Agreement. [Woodall Decl., Ex. F (Note) at 1-2] Plaintiff's claims allegedly arising out of the Note therefore fall within the broad agreements to arbitrate in the FPAs, including the 2013 FPA, and Intercreditor Agreement.

11. On their face, the arbitration agreements in the FPAs and Intercreditor Agreement fall within the Convention and Chapter 2 of the Federal Arbitration Act ("FAA") because (1) the agreements require non-domestic arbitration, are in writing, and are signed by Epicenter and Gray (plaintiff ELR's assignors), and by defendant Ganymede; (2) they require arbitration in "the territory of a signatory of the Convention" (the United Kingdom); (3) they arise out of the "commercial relationship" between Ganymede and plaintiff's assignors; and (4) Ganymede is not a citizen of the United States. [Woodall Decl. ¶ 3] *See, e.g., Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654 (9th Cir. 2009) (citing 9 U.S.C. § 202 and analyzing the same factors to conclude that the "Convention applies"); *S & T Oil Equip. & Mach., Ltd. v. Juridica Invs. Ltd.*, 456 F. App'x 481, 484 (5th Cir. 2012) (litigation financing contract established the requisite "commercial relationship" required by the Convention).

12. The arbitration agreements therefore "fall under" the Convention. *See* 9 U.S.C. §§ 202, 205.

### 2. The Arbitration Agreements Relate to the Parties' Dispute.

13. An arbitration agreement "relates to" a suit "'whenever [the] arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case.'" *Infuturia Glob. Ltd. v. Sequus Pharms.*, 631 F.3d 1133, 1137–38 (9th Cir. 2011) (quoting *Beiser*, 284 F.3d at 669). "Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'" *Beiser*, 284 F.3d at 669; *see also Infuturia*, 631 F.3d at 1138.

14. Defendants have filed contemporaneously with this Notice of Removal their Motion to Compel Arbitration Pursuant to the Federal Arbitration Act, and to Dismiss or Stay this Litigation. Filing a motion to compel arbitration pursuant to Chapter 2 of the FAA establishes the "relates to" requirement for purposes of removal under 9 U.S.C. § 205. *See, e.g.*, *Beiser*, 284 F.3d at 669–70; *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 713 (5th Cir. 2017); *Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar*, No. CV155099PSGJPRX, 2015 WL 5471434, at *2 (C.D. Cal. Sept. 18, 2015).

15. Thus, the arbitration agreements both "fall under" the Convention and "relate to" the subject matter of this proceeding, and removal is therefore appropriate pursuant to 9 U.S.C. § 205.

### B. Removal Pursuant to Diversity Jurisdiction, 28 U.S.C. § 1332(a).

16. Removal is also appropriate because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

17. A corporation is a citizen of (1) the state or states where it is incorporated and (2) the single state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Ganymede is an investment company organized under the laws of Guernsey having its principal place of business at St. Peter Port, Guernsey. [Woodall Decl. ¶ 3] BCL is an

investment company organized under the laws of Guernsey having its principal place of business at St. Peter Port, Guernsey. [*Id.* ¶ 4]

18. ELR is an Arizona limited liability company. [Stratford Decl., Ex. A (*Ex Parte* Motion for Leave to Amend) at internal exhibit D (Assignment of Claims) ¶ 1] "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The SAC does not identify any owners/members of ELR that share citizenship with BCL or Ganymede. [*See generally* Stratford Decl., Ex. A (SAC)] ELR's most recent filings to the Arizona Corporation Commission identifies Mr. Bruce W. Gray as its sole member. [Stratford Decl., Ex. B (ELR's AZCC Entity Detail); Ex. C (ELR's Articles of Incorporation)] Defendants have made reasonable efforts to learn the citizenship of Mr. Gray, but that information is not publicly or reasonably available. [Stratford Decl. ¶ 5] Upon information and belief, however, Mr. Gray is a citizen of Arizona and not a citizen of Guernsey. [*Id.*] *See Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding that when information about an adverse party "to establish diversity of citizenship is not reasonably available," a party may plead "on information and belief and without affirmatively asserting specific details regarding the citizenship" of the adverse party).

19. The amount in controversy exceeds $75,000 as ELR alleged that it is owed damages "in excess of $200 million." [Stratford Decl., Ex. A (SAC) ¶¶ 106, 114] *See* 28 U.S.C. § 1332(a).

**IV.   VENUE IS PROPER**

20. Venue is proper in the United States District Court for the District of Arizona because this district and division embraces the place where the State Court action is pending—Maricopa County, Arizona. *See* 28 U.S.C. § 1441(a).

**V.    CONSENT AND NOTICE**

21. Undersigned counsel represents both Defendants, and confirms that both Defendants consent to the removal of this action.

22. Pursuant to 28 U.S.C. § 1446(d) and LRCiv 3.6, undersigned counsel affirmatively states that a copy of this Notice of Removal is being filed with the clerk of the Maricopa County Superior Court and served on ELR.

23. Pursuant to LRCiv 3.6, the required Civil Cover Sheet and Supplemental Civil Cover Sheet for Cases Removed from Another Jurisdiction are attached hereto.

## CONCLUSION

24. Based on the foregoing, this Court has original jurisdiction over this action pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 203. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. Accordingly, this action is properly removable under 9 U.S.C. § 205, as well as 28 U.S.C. §§ 1441 and 1446. Defendants therefore respectfully give notice and hereby remove the above-entitled action from Maricopa County Superior Court to the United States District Court for the District of Arizona, Phoenix Division.

DATED: October 15, 2018 **PERKINS COIE LLP**

By: */s/ Shane R. Swindle*
Shane R. Swindle
Barry G. Stratford
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Defendants*

1
## CERTIFICATE OF SERVICE

2   ☒   I hereby certify that on October 15, 2018, I electronically transmitted the
3 attached documents to the Clerk's Office using the CM/ECF System for filing and sent a
4 copy via first class mail to the parties below.

5
Michael C. Manning
6 Jeffrey Goulder
Stefan Palys
7 James Camoriano
Stinson Leonard Street LLP
8 1850 North Central Avenue, Suite 2100
9 Phoenix, Arizona 85004-4584

10
Attorneys for Plaintiff
11
12                                  *s/ Shawne Murphy*

13

14
141061048.
15