Shane R. Swindle (#011738)
Barry G. Stratford (#029923)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone:  602.351.8000
Facsimile:   602.648.7000
SSwindle@perkinscoie.com
BStratford@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Epicenter Loss Recovery, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> Burford Capital Ltd., and Ganymede Investments Ltd., <br><br> Defendants. | No. 2:18-CV-03300-DJH <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

### Introduction

Plaintiff Epicenter's only principal, Mr. Gray, has suffered mightily since the financial crisis. His businesses have gone bankrupt. He says he is close to broke. He is understandably distressed and unstable. But none of this is defendants' fault, and the Court needs to end Mr. Gray's multi-year litigation campaign which has now veered into the vexatious and conspiratorial, unsupported by even a whiff of admissible evidence.

Epicenter's claims have had a full airing on the merits before an experienced arbitration Tribunal which held 12 days of hearings and rendered a 233-page decision unanimously dismissing all of Epicenter's claims. The Tribunal included a retired Arizona state court judge (selected by Mr. Gray), a retired English High Court judge (selected by

defendants) and a professional international arbitrator (selected by the other arbitrators and approved by Epicenter and defendants) with experience over dozens and dozens of complex matters. The Tribunal dismissed all Epicenter's claims and all that remains before the Tribunal are claims *by defendants*. The arbitration has "been had" as to the claims at issue here and this case should therefore now be dismissed.

Should Mr. Gray wish to challenge the arbitration award, he must do so before the English courts. This court, on the other hand, does not have jurisdiction to hear such a challenge and under the Federal Arbitration Act and the incorporated United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards is required to defer to the arbitral Tribunal. Mr. Gray is not free to raise substantive challenges to the arbitration in this court.

In any event, Mr. Gray's latest gambit on behalf of Epicenter—to accuse respondents and the LCIA of some grand conspiracy—is nonsense (and has only been invented by Mr. Gray after he lost his case). The LCIA is one of the world's leading arbitral institutions. It is well over 100 years old and has administered many thousands of arbitrations. And in addition to its substantive and procedural deficiencies, Mr. Gray's conspiratorial assertions are not properly before this court.

This meritless case has been pending in this Court for five years. Epicenter (and Mr. Gray) have had more than their day in court. It is time to bring this matter to an end and dismiss this case.

## Argument

### A.     The Arbitral Tribunal heard and dismissed all of Epicenter's claims.

Plaintiff does not contest that all the same claims asserted in this case were heard by the Tribunal and dismissed. It does not contest that the Tribunal found Epicenter's filing of this lawsuit (instead of pursuing arbitration) was a breach of the parties' agreement to arbitrate. Epicenter says the arbitration is not over, but it concedes that the only claims that remain are claims *by defendants*. There is no dispute that Epicenter's

claims—the same claims at issue here—have been dismissed. Thus, in every sense that matters, the arbitration of *Epicenter's claims* has "been had" and dismissal is required.[1]

###    B.    Epicenter cannot challenge the LCIA arbitration in this Court.

If Epicenter means for the statements by Mr. Gray attached to its response to be construed as a challenge to the arbitration award (although Epicenter nowhere characterizes its response as such a challenge), it must bring its challenge in the English courts. *See Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 62 (2d Cir. 2022) (The country where the arbitral award is rendered has primary jurisdiction and may set aside, annul, or modify an award. Any other state is a secondary jurisdiction and may decide only whether to enforce the award.); *Gulf Petro Trading Co. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008) ("[A] United States court sitting in secondary jurisdiction lacks subject matter jurisdiction over claims seeking to vacate, set aside, or modify a foreign arbitral award.").

The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards is incorporated into the Federal Arbitration Act. 9 U.S.C. §§ 201-208. Under the Convention, a party may only challenge *enforcement* of an international arbitration in United States courts, and then only award on the narrow grounds set out in Section V of the Convention. *See* 9 U.S.C. § 207; Section V of the United Nations Convention.[2] But defendants have not sought enforcement of the award before this Court and this Court therefore does not have jurisdiction to hear Mr. Gray's complaints.

---

[1] Epicenter's attempt to distinguish *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) is unavailing. *Tillman* simply makes clear that Section 3 of the Federal Arbitration Act only requires district courts to "stay pending proceedings on issues subject to arbitration until such arbitration has been had." And after the arbitration "has been had," the district court may lift the stay. *Id.* Plaintiff argues that the court in *Tillman* lifted the stay only because the claims had not been adjudicated in arbitration. ECF No. 89 at 2. Not so. The court explained that an arbitration "has been had"—and therefore the stay may be lifted—when an arbitrator terminates the proceedings in question, no matter whether a final award or judgment was issued. *Tillman*, 825 F.3d at 1073.

[2] The United Nations (also known as the New York Arbitration) Convention, https://www.newyorkconvention.org/english (last visited Sept. 8, 2023).

1

2

**C.      Mr. Gray's conspiratorial attack on defendants and the LCIA is unsupported nonsense.**

3

4

5

6

7

8

9

10

11

12

13

14

Even if this Court could hear a challenge to the arbitration award, Mr. Gray's assertions are unsupported nonsense. The LCIA is a world-renowned administer of arbitrations. (For further background, *see* Exhibit 1 hereto and the LCIA's website.[3]) But all the LCIA does is *administer* arbitrations; it does not conduct arbitrations. This arbitration and others are independently conducted by the arbitration panel selected by the parties. Here, Epicenter selected former Arizona state court judge Michael Yarnell as one of the three arbitrators. Defendants selected an arbitrator, and then the two appointed arbitrators selected a third, with the concurrence of both parties. Only after the Tribunal *unanimously* dismissed Epicenter's claims did Mr. Gray concoct his elaborate conspiracy theory regarding defendants and the LCIA (apparently including Judge Yarnell) that he spins out in his various statements. Courts act based on facts and evidence, not unsupported conspiracy theories.

15

**D.      Mr. Gray's statements are not admissible evidence.**

16

17

18

19

20

Finally, in all events, Mr. Gray's attached statements are not admissible evidence. Note, first, that each of the attachments are authored by Mr. Gray and none of them are sponsored by counsel—Epicenter's counsel in the arbitration resigned before Mr. Gray filed his attached statements, and his counsel here notes that the statements are Gray's alone and have not been vetted by counsel.[4]

21

22

23

Second, the statements are classic hearsay—unsworn (and unverified) out of court statements offered to prove the truth of the matters asserted. They are inadmissible and entitled to no weight or consideration.[5] *See, e.g.*, *Travelers Cas. & Sur. Co. of Am. v.*

24

25

26

27

28

---

[3] LCIA, https://www.lcia.org (last visited Sept. 8, 2023).

[4] Should the Court wish to review the responses to Mr. Gray's statements filed by defendants in the LCIA arbitration, they are attached as Exhibit 1 and 2.

[5] Exhibit C to Epicenter's Response, Mr. Gray's email to his counsel here, is an obvious waiver of the attorney-client privilege. If the Court does not dismiss this action, defendants request an opportunity to take discovery from Mr. Gray, including his communications with counsel.

*Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) ("Plaintiffs affidavits and exhibits submitted in support of the Response to the [Motion to Dismiss] must comply with the Rules of Evidence."); *see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.").

### Conclusion

Epicenter and Mr. Gray litigated their claims fully in the arbitration. The Tribunal unanimously dismissed all the claims. This Court should now dismiss this frivolous lawsuit.

Dated: September 12, 2023

**PERKINS COIE LLP**

By: *s/ Shane R. Swindle*

Shane R. Swindle
Barry G. Stratford
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

*Attorneys for Defendants Burford Capital, Ltd. and Ganymede Investments, Ltd.*

1

**CERTIFICATE OF SERVICE**

2      ☒      I hereby certify that on September 12, 2023, I electronically transmitted the

3 attached documents to the Clerk's Office using the CM/ECF System for filing and

4 transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed below.

5

6      William J. Quinlan
       The Quinlan Law Firm, LLC
7      233 South Wacker Drive, 61st Floor
       Chicago, Illinois 60606
8

9      Attorneys for Plaintiff

10
                              *s/ Shawne Murphy*
11

12

13
       163749106.1
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28