Shane R. Swindle (#011738)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
SSwindle@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Epicenter Loss Recovery, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> Burford Capital Ltd., and Ganymede Investments Ltd., <br><br> Defendants. | No. 2:18-CV-03300-DJH <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFF'S STATUS REPORT** |

Defendants file this response to plaintiff's December 8, 2023 status report (Dkt. 92) to (a) provide a copy of the Tribunal's Final Award, which was issued today, December 11, 2023, by the LCIA; and (b) respond briefly to Mr. Gray's unsworn "statement" attached as Exhibit E to plaintiff's status report.

The Tribunal issued its Final Award in the arbitration today, December 11, 2023. A copy is attached as Exhibit 1. The LCIA's email forwarding the Final Award is attached as Ex. 2; it shows that the Final Award was sent to Mr. Gray at the same time it was sent to counsel for defendants.

Today's Final Award does not address plaintiff's claims in the arbitration. Plaintiff's claims were addressed (and dismissed by the Tribunal) more than six months ago, in the Final Partial Award dated April 24, 2023. (Dkt. 88, Exhibit 1) Today's Final

Award addresses only defendants' claims for fees and an anti-suit injunction. The anti-suit injunction, which applies to and is binding on plaintiff Epicenter and precludes it from further litigating this matter, is set out in paragraph 143. As explained in defendants' motion to dismiss (Dkt. 88) and supporting reply (Dkt. 90), today's Final Award has no bearing on *plaintiff's claims* in the arbitration or in this case. In all events, the Tribunal has now issued its Final Award and the arbitration is finished in all respects. The only reason plaintiff has offered for waiting to dismiss this lawsuit has now been removed. Defendants therefore respectfully request that the Court dismiss this lawsuit. A form of order was filed with Defendants' Motion to Dismiss as Dkt. 88-2.

Defendants also request that the Court disregard Mr. Gray's statement, attached as Exhibit E to plaintiff's status report. It is classic hearsay—an unsworn (and unverified) out of court statement offered to prove the truth of the matters asserted. It is inadmissible as evidence and should be given no weight or consideration. *See, e.g., Travelers Cas. & Sur. Co. of Am. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) ("Plaintiffs affidavits and exhibits submitted in support of the Response to the [Motion to Dismiss] must comply with the Rules of Evidence."); see also *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.")

Mr. Gray's statement is filled with unsupported inuendo, conspiracy theories, and inaccuracies. To provide just two examples of the inaccuracies that pervade Mr. Gray's statement, he says both that "[t]he LCIA Final Award is believed to have been delivered to Burford on or about December 4, 2023" and that "research and review of federal court records revealed" that a federal judge has "set aside the LCIA's award and anti-suit injunction" in an unrelated case involving Sysco and Burford-related entities. (Dkt. 92, Ex. E at 1-2) He provides no support for these or any of the other myriad assertions in his statement.

Both assertions are demonstrably false. The LCIA issued the Tribunal's Final Award today and sent it to Mr. Gray at the same time as defendants. No Final Award was

1  issued on December 4, as Gray asserts. He is simply making up facts to fit his conspiracy
2  theory. Similarly, Mr. Gray cites none of the "federal court records" he claims to have
3  reviewed to support his assertions regarding the litigation between Sysco and Burford-
4  related entities. Defendants avow that neither of the Courts in the two matters Burford-
5  related entities have had with Sysco "set aside" any LCIA award or anti-suit injunction, as
6  Mr. Gray asserts. Indeed, both cases were settled and dismissed by stipulation of the
7  parties prior to the Court ruling on motions. *See Sysco Corporation v. Glaz LLC et. al.*,
8  No. 1:23-cv-01451 (N.D. Ill.) (Dkt. 56 is the Stipulation of Dismissal); *Glaz LLC et. al. v.*
9  *Sysco Corporation*, No. 23-cv-02489-PPG (S.D.N.Y) (Dkt. 42 is the Stipulation of
10 Dismissal). The Courts' dockets in those matters are available through the ECF system.
11     Defendants respectfully request that the Court dismiss this lawsuit and bring this
12 matter to an end.

Dated: December 11, 2023

**PERKINS COIE LLP**

By: *s/ Shane R. Swindle*
  Shane R. Swindle
  2901 North Central Avenue, Suite 2000
  Phoenix, Arizona 85012-2788

*Attorneys for Defendants Burford Capital, Ltd. and Ganymede Investments, Ltd.*

**CERTIFICATE OF SERVICE**

☒   I hereby certify that on December 11, 2023, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed below.

William J. Quinlan
The Quinlan Law Firm, LLC
233 South Wacker Drive, 61st Floor
Chicago, Illinois 60606

Attorneys for Plaintiff

*s/ Shawne Murphy*

164742501.1